**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JAMES CROSS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:14 CV 451 PPS JEM |
| | ) | |
| COALITION TO ADVANCE THE PROTECTION | ) | |
| OF NBA, NFL, MLB, NHL, AND CLC LLC | ) | |
| SPORTS LOGOS d/b/a CAPS MEMBERS | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

James Cross, a *pro se* plaintiff, brings this declaratory judgment action against the

Defendant, Coalition to Advance the Protection of the NBA, NFL, MLB, NHL, and CLC

LLC Sport Logos ("CAPS"). Cross seeks a declaration that he has not committed

trademark infringement by using the logos of popular sports teams on his patented

jerseys. CAPS has moved to dismiss the complaint for lack of personal jurisdiction and

because Cross has failed to adequately state a claim for relief [DE 46]. For the reasons

set forth below, Cross's case is **DISMISSED**.

## BACKGROUND

The Coalition to Advance the Protection of the NBA, NFL, MLB, NHL, and CLC

LLC Sport Logos, or CAPS, is an unincorporated association that manages intellectual

property on behalf of the licensing arms of the major sports leagues. The CAPS

members are the Collegiate Licensing Company LLC; Major League Baseball Properties,

Inc.; NBA Properties LLC; NFL Properties LLC; and NHL Enterprises, L.P. [DE 41 at ¶

1].

James Cross is an inventor and a businessman who holds two design patents for the idea of adding a zipper to the front of a sports jersey [DE 24 at 10-13]. He sells zipper versions of baseball, basketball, and football jerseys through his company Zip-A-Tee Shirt, Inc.[1] Zip-A-Tee Shirt offers zipper jerseys bearing the logos of well-known teams like the Chicago Bulls, Chicago Bears, and Los Angeles Lakers [DE 24 at 16-18].

In his amended complaint, Cross alleges that CAPS sent him a series of cease-and-desist letters in February and March 2012 [DE 24 ¶ 8]. The letters claimed that Cross was infringing the trademarks owned by CAPS members by selling Bulls and Lakers jerseys without CAPS members' permission [DE 24 at 7-9]. Cross denied he was infringing CAPS members' marks. *Id.* In response, CAPS sent letters to the companies that hosted the ZIP-A-Tee Shirt websites, informing the hosting companies about CAPS' trademark claim [DE 24 ¶¶ 10, 13]. The hosting companies promptly shut the Zip-A-Tee Shirt websites down. *Id.*

In his Amended Complaint, Cross seeks a declaration from the Court declaring that Cross has not infringed any trademarks owned by CAPS members and an injunction preventing CAPS from interfering with his business [DE 24 ¶¶ 16-23]. Cross also seeks an unbelievable $700 million in statutory damages for each website CAPS took down and a ridiculous $5 *billion* in punitive damages [DE 24 at 5].

CAPS has moved to dismiss on two grounds. First, CAPS asserts that Cross has

---

[1]Zip-A-Tee Shirt, Inc. was originally a plaintiff in this case [DE 1]. Cross dropped Zip-A-Tee Shirt when he filed his Amended Complaint [DE 24]. This was in response to my order of February 19, 2012, warning Cross that I would dismiss the corporation if Cross did not find an attorney to represent it [DE 19].

failed to state a claim upon which relief can be granted. Second, CAPS argues the Court

lacks personal jurisdiction over it, and so moves to dismiss pursuant to Rule 12(b)(2) of

the Federal Rules of Civil Procedure.

## DISCUSSION

Since the jurisdictional issue speaks to the power of the court, I will address it

first. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007); *N.

Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). A federal court's personal

jurisdiction is determined by the laws of its forum state. *Tamburo v. Dworkin*, 601 F.3d

693, 700 (7th Cir. 2010). Indiana's long-arm statute allows jurisdiction so long as it's

consistent with the Due Process Clause of the Fourteenth Amendment. Ind. R. Trial. P.

4.4(a); *Rodriguez v. Cavitec AG*, 2010 WL 2519715, at *4 (N.D. Ind. June 14, 2010). As a

result, the state statutory and federal constitutional inquiries merge, and the

determinative issue is whether the exercise of jurisdiction over CAPS comports with the

federal Due Process Clause. *Tamburo*, 601 F.3d at 700; *McKannan v. National Council of

Young Men's Christian Assocs. of the U.S.*, 2010 WL 4668437, at *3 (S.D. Ind. Nov. 9, 2010).

Personal jurisdiction can be general or specific depending on the extent of the

defendant's contacts. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston

Metroplex*, 623 F.3d 440, 444 (7th Cir. 2010). General jurisdiction is proper in the "limited

fora in which the defendant can be said to be 'at home'" such as a corporation's state of

incorporation or state of the principal place of business. *Advanced Tactical Ordinance Sys.

v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) *as corrected* (May 12, 2014).

Specific jurisdiction is available for a suit that arises out of the defendant's forum-

related activity. It is appropriate where (1) the defendant purposefully availed himself of the privilege of doing business in a state, (2) the alleged injury "arises out of or relates to" the defendant's activities in that state, and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Tamburo*, 601 F.3d at 702. This test aims to "ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state." *Id.* (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008)); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Cross has the burden of establishing personal jurisdiction, though he need only make a prima facie showing of the jurisdictional facts and is entitled to have any factual conflicts resolved in his favor. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

CAPS provided an affidavit from Lisa Uriguen Armstrong, the president of TM Management, Inc., which is the entity that administers CAPS on behalf of the CAPS members [DE 41 ¶ 1]. Armstrong's affidavit details the rather attenuated connections between CAPS and Indiana. Armstrong stated that CAPS is administered out of Coeur d'Alene, Idaho and does not have any offices, employees, or bank accounts in Indiana. *Id.* ¶ 4. CAPS does not solicit business in Indiana and has never filed a lawsuit there. *Id.* ¶¶ 4, 9. Only a very small percentage of CAPS' activities involve Indiana. For example only ten of the 1,600 cease-and-desist letters CAPS has sent out in the past five years were sent to individuals or entities in Indiana. *Id.* ¶ 6. A similarly small percentage of CAPS' other main activity, training and assisting law enforcement with respect to

counterfeiting operations, occurred in Indiana. *Id.* ¶¶ 5-7.

As for CAPS' actions in this specific case, Armstrong stated that CAPS purchased a zippered Chicago White Sox jersey from the ZIP-A-Tee Shirt website as part of their investigation. *Id.* ¶ 12. And CAPS sent cease-and-desist letters and emails to Cross and the hosting companies after discovering the White Sox jersey was counterfeit. *Id.* ¶¶ 13-23.

As I said, the burden here is on Cross, and since CAPS submitted an affidavit in opposition to this Court's jurisdiction, Cross must go beyond the pleadings and submit affirmative evidence supporting jurisdiction. *See Purdue Research,* 338 F.3d at 783. Cross cannot carry this burden because he hasn't submitted any evidence at all. That's not to say Cross hasn't been active. After CAPS filed the Motion to Dismiss, Cross filed several dispositive motions [DE 46, 49, 50]. The problem is that none of these motions address jurisdiction and the 14-day deadline for his response has expired. *See* N.D. Ind. L.R. 7-1(d)(2)(A).

That leaves the Amended Complaint [DE 24]. In the Complaint, Cross alleges this Court has jurisdiction because CAPS sent him cease-and-desist letters. CAPS "transmitted five letters via e-mail through the regular post to Plaintiff" alleging infringement [DE 24 ¶ 8]. This is an insufficient basis for personal jurisdiction. *See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1360-61 (Fed. Cir. 1998) ("Principles of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum"); *see also Speedster Motorcars of Cent. Fla., Inc. v. Ospeck,* No. 1:04-CV-00063-

JDTTAB, 2004 WL 2745051, at *6 ("without more cease-and-desist letters are insufficient" to create jurisdiction over the sender).

Cross also alleges that CAPS "conducted business via the Internet and the mail with Plaintiff" [DE 24 ¶ 5]. Cross has failed to make any factual allegations backing up this claim, but Armstrong stated in her affidavit that CAPS had purchased a jersey from the Zip-A-Tee website during its investigation [DE 41 ¶ 12]. This could be what Cross is referring to. If so, this, too, is insufficient.

This is the reverse of the usual situation, where a court has to decide whether it has jurisdiction over a defendant-seller that has offered goods over the internet to customers in the forum state. In those instances, courts have held that the mere sale of goods over the internet is insufficient to establish jurisdiction. *Real Action Paintball*, 751 F.3d at 801. Rather, the defendant-seller must somehow have purposefully exploited the market beyond simply operating an interactive website accessible in the forum state. *Id.* at 801. In other words, the defendant had to have "targeted" the forum state. *Id.* at 803. Turning the situation around, if the mere sale of a single jersey over the internet wouldn't establish jurisdiction, CAPS' purchase of one doesn't either, especially since Cross's claims did not arise out of this purchase. *See Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (holding the plaintiff cannot be the only link between the defendant and the forum); s*ee also Burger King*, 471 U.S. at 478 (holding an individual's contract with an out-of-state party does not automatically establish minimum contacts in the other party's home forum). Cross has not shown that CAPS targeted Indiana by purchasing the jersey from his website.

Since Cross has failed to establish that this court has personal jurisdiction over CAPS, this case will be **DISMISSED**.

I will note that even if I am incorrect on the personal jurisdiction issue, I would, in any event, dismiss this case on the merits. This is because, Cross's claim is not plausible. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). A complaint's "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).

Cross has not made a plausible claim. As far as I can tell, Cross's theory is that his patent gives him the right to sell jerseys with CAPS members' trademarked logos on it. That is not how patent law works. "[T]he federal patent laws do not create any affirmative right to make, use, or sell anything." *See Leatherman Tool Grp. Inc. v. Cooper Indus., Inc.*, 131 F.3d 1011, 1015 (Fed. Cir. 1997). A patent grants only the right to exclude others from "making, using, or vending the thing patented without the permission of the patentee." *Id.* (citing *Bloomer v. McQuewan*, 55 U.S. 539, 548 (1852). If the Chicago Bulls started selling a zipper jersey without Cross's permission, then Cross would have a case. But, patent or no, Cross cannot sell a his Chicago Bulls zipper jersey without getting the Bull's permission. A patent is not a license to violate the trademark laws. Since Cross has not stated a plausible claim for relief, but for the problem with personal

jurisdiction discussed above, his complaint would have been dismissed on the merits.

**SO ORDERED**.

ENTERED: May 4, 2015

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
